# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTHUR L. JONES,

        Plaintiff,        Case No. 04-C-618

    v.

CITY OF MILWAUKEE,
JOHN O. NORQUIST,
ROBERT J. WELCH,
CARLA Y. CROSS,
ERIC MANDEL JOHNSON,
LEONARD J. SOBCZAK,
ERNESTO A. BACA, and
ROSA DOMINGUEZ,

        Defendants.

## OPINION AND ORDER

Arthur Jones, the Plaintiff in this case, has moved the court for an order compelling discovery and compelling payment of expert witness fees and expenses. See Federal Rule of Civil Procedure 26(b)(4)(C). First, the Plaintiff says that the Defendants have failed to respond to outstanding discovery requests. The Defendants concede that they have not provided the discovery sought, but say that the Plaintiff has not conferred–thereby violating Civil Local Rule 37.1. Because so much time has elapsed while this motion was being briefed, the court is not going to deny the motion because the obligation to confer was not met.

Next, the Plaintiff asks that his expert witness be paid $6,366.30 for fees and expenses allegedly incurred in connection with a deposition taken by the

Defendants. The Defendants have already paid $2,287.50, but object to the preparation time for which the expert billed. Time spent preparing for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between counsel and the expert to prepare him to best support the Plaintiff's case and the anticipated questions from defense counsel, recognizing that effective cross examination of an expert requires advance preparation on the part of opposing counsel, as well as the expert, and results in a more focused presentation at trial, thus contributing to judicial economy.

The Plaintiff has the burden of justifying fees and costs but has not provided enough information for the court to decide if each item is reasonable. See Research Systems Corporation v. IPSOS Publicite, 276 F.3d 914, 920 (7th Cir.), cert. denied, 537 U.S. 878 (2002). The pre-deposition preparation activities of the expert are described only in the most general terms. Federal Rule of Civil Procedure 26(b)(4)(C)(i) requires the party seeking discovery of an expert witness to pay a "reasonable fee" for time spent in responding to discovery. The statute does not mandate full payment for any and all time spent by an expert in advance of a deposition. Without this provision, it would be unfair to permit one side to obtain, without cost, the benefit of an expert's work for which the other side has already paid.

It is undisputed that on March 1, 2005, pursuant to the scheduling order, Plaintiff disclosed his expert witness and provided defense counsel with a copy of his report. It is also undisputed that on March 2, 2005, defense counsel gave notice of Defendants' intention to take the expert's deposition on April 1, 2005. In their submissions, the Defendants do not object to the expenses of $358.77 nor to the

2

expert's hourly fee of $185.00. Although it is not clear, it appears that the Defendants do not object to the 16 hours charged for travel time, preparation for deposition, and the actual deposition, which occurred on March 31, and April 1, 2005.

Plaintiff argues that the preparation time is reasonable, in part, because the expert is a "busy consultant who is involved in numerous projects throughout the country." He goes on to state that "it is reasonable for Mr. Oldani (the expert), whose attention is focused on numerous other matters during the course of a month, and where there is a danger of confusion between the facts of this case, which were the subject of Mr. Oldani's deposition testimony and the facts of other police chief selection process in which Mr. Oldani was involved . . . ."

It is hard for this court to understand why the Defendants should be required to pay for the expert's preparation time because he is busy consulting with others and therefore in danger of confusing the facts in this case with some other case in which he is hired to render similar opinions.

It is also very hard for the court to understand how the expert would need 7.75 hours on March 6, 2005, less than a week after submitting his report, to "review materials for testimony." Certainly, the danger with confusing this case with any other should be minimal at best.

The charges that are in dispute are as follows:

| Date | Hours | Description |
|---|---|---|
| 3/1/05 | .50 hrs. | Phone conference Pltf's counsel |
| 3/6/05 | 7.75 hrs. | Review of materials for testimony |
| 3/6/05 | 3.25 hrs. | "clerical support time" |
| 3/7/05 | .75 hrs. | Review materials from Attorney Machulak |
| 3/8/05 | .50 hrs. | Phone conference, Attorney Machulak |
| 3/29/05 | 4.25 hrs. | Phone conference, Attorney Machulak and "reprise of materials/review prep time" |

3

The entries for 3/1/05, 3/7/05, and 3/8/05, although no supporting justification has been submitted, appear to the court to be reasonable. The entry for 3/6/05 is not determined to be reasonable for the reasons stated above and for lack of any information that would justify such a charge. See Collins v. Village of Woodridge, 197 F.R.D. 354, 358 (N.D. Ill. 1999). The court, however, will allow one hour for "review of materials." The entry at 3/6/05 for clerical support time does not appear to be challenged. The court will therefore allow this charge, although it feels that to pay a clerk $85.00 an hour, if it were projected out, would amount to an annual salary in excess of what this court is currently paid. The entry at 3/29/05, again, is without explanation and appears to be primarily for the purpose of preparing the expert to support the Plaintiff's case and to "woodshed" the expert to anticipate the questions that defense counsel might raise at the deposition. On the assumption that some part of this time charged may have been spent in reviewing his conclusions, the court will allow one hour as necessary for preparation on that date.

In summary, the court will award 3.75 hours at $185.00 per hour for the preliminary preparation prior to the arrival for the deposition; 16 hours in travel time to deposition, preparation for the deposition, and actual deposition at $185.00 per hour; 3.75 hours at $85.00 an hour for clerical services and expenses in the amount of $458.77. Accordingly,

IT IS ORDERED that the "Plaintiff's Motion to Compel Discovery and Motion to Compel Payment of Expert Witness' Fees and Expenses" (filed June 1, 2005) IS GRANTED IN PART AND DENIED IN PART in that the court determines that the reasonable fee for time spent in responding to discovery is the sum of $4,388.77. The

4

court recognizes that the Defendants have tendered to the Plaintiff the amount of $2,287.50 to apply toward these costs and, therefore, they are ordered to tender, within ten days of the date of this order, the sum of $2,101.27 representing the balance of the expenses associated with responding to Defendants' discovery.

IT IS FURTHER ORDERED that the Plaintiff's motion to compel discovery is granted and the Defendants shall, within ten days of this date, respond to the outstanding discovery request of the Plaintiff.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 15th day of July, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge