# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARTHUR L. JONES,

        Plaintiff,        Case No. 04-C-618

    v.

CITY OF MILWAUKEE,
JOHN O. NORQUIST,
ROBERT J. WELCH,
CARLA Y. CROSS,
ERIC MANDEL JOHNSON,
LEONARD J. SOBCZAK,
ERNESTO A. BACA, and
ROSA DOMINGUEZ,

        Defendants.

## OPINION AND ORDER

Arthur Jones, the Plaintiff in this civil rights case, has moved the court for an order granting monetary sanctions in the form of attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(4)(A). Recently, the court granted in part and denied in part the Plaintiff's motion for expert witness expenses pursuant to Federal Rule of Civil Procedure 26(b)(4) and to compel discovery pursuant to Rule 37. See Opinion and Order of July 15, 2005. In the instant motion the Plaintiff asks for $1,662.50 for the services of Attorney Eugene Bykhovsky and $168.75 for the services of Attorney John Machulak for a total of $1,831.25 for litigating the prior motion to compel discovery and the payment of expert expenses.

Federal Rule of Civil Procedure 37(a)(4)(A) provides that:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure of discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

This Rule only provides for imposing sanctions for discovery violations. It does not provide for attorney fees for seeking an order to pay an expert's expenses pursuant to Federal Rule of Civil Procedure 26(b)(4). See Maynard v. Nygren, 332 F.3d 462, 471 (7th Cir. 2003).

In ruling on the motion to compel, the court did not find a discovery violation. The movant had not certified that he had made a good-faith effort to obtain the discovery without court action. Nevertheless, the court ordered the Defendants to respond to the discovery requests in order to curtail further expense and delay.

The Plaintiff's prior motion to compel was devoted primarily to providing facts and arguments supporting the payment of fees to the Plaintiff's expert witness. The request to compel responses or supplementation to discovery requests was a minor part of the briefing. Yet, the Plaintiff has made no attempt to allocate fees to the discovery prong of his motion.

The Defendants opposed the motion to compel on the ground that the Plaintiff's attorneys had not certified that they had met with opposing counsel in a good faith attempt to resolve the matter. The Plaintiff admits that the required meeting did

not take place, but calls this a "technicality." Nevertheless, it is fatal to his motion. See Waldridge v. American Hoechst Corporation, 24 F.3d 918, 923 97th Cir. 1994); Servin v. GATX Logistics, Inc., 187 F.R.D. 561, 563 (N.D. Ill. 1999).

Under these circumstances, the court ORDERS that the "Plaintiff's Motion for Attorney Fees" (filed July 22, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 1st day of August, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge

3